United States Bankruptcy Court
Southern District of Florida

In re:
Juan M Gomez
Debtor

Case No. 14-23396-JKO
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 113C-0 User: groomsd Page 1 of 2 Date Rcvd: Jun 27, 2014
Form ID: pdf001 Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 29, 2014.

db #+Juan M Gomez, 900 S North Lake Dr, Hollywood, FL 33019-1313
smg +Broward County Tax Collector, 115 S Andrews Ave, Ft Lauderdale, FL 33301-1818
cr U.S. Bank, N.A., Successor Trustee, et. al., Adam Diaz, P.O. Box 11438, Ft. Lauderdale, FL 33339-1438
92336650 +American Airlines Fcu, Po Box 619001, Dfw Airport, TX 75261-9001
92336653 +Bank Of America, N.a., 450 American St, Simi Valley, CA 93065-6285
92336654 +Bank of America, N.A., C/O Smith, Hiatt, and Diaz, PA, POB 11438, Fort Lauderdale, FL 33339-1438
92336655 +Chase, Po Box 24696, Columbus, OH 43224-0696
92336656 +Chase Manhattan Mortga, Attention: Bankruptcy, P.O. Box 24696, Columbus, OH 43224-0696
92336658 +Collection/First Financial Resources, 209 West Central St, Suite 107, Natick, MA 01760-3716
92336659 +Deutsche National Trust Co, C/O Kahane & Associates, PA, 8201 Peters Rd # 3000, Plantation, FL 33324-3292
92336667 +Dharma Land Trust, POB 221967, Hollywood, FL 33022-1967
92336664 +Peoples Bk Credit Card Services, Attn: Bankruptcy, Po Box 7092, Bridgeport, CT 06601-7092
92336665 +U.S. Bank, N.A., C/O Shapiro & Fishman, LLP, 2424 N Federal Highway, Ste 360, Boca Raton, FL 33431-7780
92336666 Washington Mutual Bank, C/O Shapiro & Fishman, 4630 Woodland Corporate Blvd Ste 100, Tampa, FL 33614-2429

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

smg EDI: FLDEPREV.COM Jun 27 2014 23:33:00 Florida Department of Revenue, POB 6668, Bankruptcy Division, Tallahassee, FL 32314-6668
ust +E-mail/Text: USTPRegion21.MM.ECF@usdoj.gov Jun 27 2014 23:33:09 Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130-1614
92336651 +EDI: AMEREXPR.COM Jun 27 2014 23:28:00 American Express, American Express Special Research, Po Box 981540, El Paso, TX 79998-1540
92336652 EDI: BANKAMER.COM Jun 27 2014 23:28:00 Bank Of America, Attention: Recovery Department, 4161 Peidmont Pkwy., Greensboro, NC 27410
92336657 EDI: CITICORP.COM Jun 27 2014 23:28:00 Citibank Usa, Citicorp/Credit Services/Attn: Centraliz, Po Box 20363, Kansas City, MO 64195
92336660 +EDI: RMSC.COM Jun 27 2014 23:28:00 GEMB / HH Gregg, Attention: Bankruptcy, Po Box 103104, Roswell, GA 30076-9104
92336661 +EDI: HFC.COM Jun 27 2014 23:28:00 Hsbc/rs, 90 Christiana Rd, New Castle, DE 19720-3118
92336662 +EDI: IRS.COM Jun 27 2014 23:28:00 IRS, PO Box 7346, Philadelphia, PA 19101-7346
92336663 +EDI: CHASE.COM Jun 27 2014 23:28:00 JP Morgan Chase, 1191 E. Newport Center Dr #101, Deerfield Beach, FL 33442-7736
92363943 +E-mail/Text: pauline.burt@timepaymentcorp.com Jun 27 2014 23:33:11 TimePayment Corp, 16 New England Executive Park, Ste. 200, Burlington, MA 01803-5222

TOTAL: 10

***** BYPASSED RECIPIENTS *****

NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 29, 2014 Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 27, 2014 at the address(es) listed below:

Adam A Diaz on behalf of Creditor U.S. Bank, N.A., Successor Trustee, et. al. adiaz@shdlegalgroup.com
Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
Robin R Weiner ecf@ch13weiner.com;ecf2@ch13weiner.com

The following persons/entities were sent notice through the court’s CM/ECF electronic mail (Email) system (continued)

Steven G. Powrozek, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association
spowrozek@logs.com, electronicbankruptcynotices@logs.com

TOTAL: 4

**ORDERED in the Southern District of Florida on June 26, 2014.**

John K. Olson, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**In re:**

**CASE NO.:** 14-23396-JKO

Juan M Gomez,

**Chapter 13**

**Debtor.**
__________________________/

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO OBTAIN BUDGET AND CREDIT COUNSELING PRIOR TO FILING and DENYING MOTION TO EXTEND TIME TO FILE INFORMATION [ECF 8]**

**THIS MATTER** comes before the Court upon Juan M Gomez's (hereafter the "Movant") Certificate of Exigent Circumstances that Merit a Waiver of the Requirements of 11 U.S.C. § 109 (h)(1)(the "Certificate") [ECF No. 1]**.** In the Southern District of Florida, individuals who inquire about filing a bankruptcy petition, or who attempt to file a bankruptcy petition are given a flier featuring a red stop-sign graphic entitled "Notice to All Debtors: Read This *Before* You File Your Case" (the "Notice"). The Notice explains the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") requirement for individuals to complete budget and credit counseling

from an approved agency during the 180-day period preceding the date of filing of a bankruptcy petition. *See* 11 U.S.C. § 109(h)(1). The Notice explains that in the presence of exigent circumstances the Court may allow an individual to complete credit counseling post-filing if the individual meets _all_ of the requirements of 11 U.S.C. § 109(h)(3)(A). The Notice further warns that individuals who file petitions without obtaining credit counseling risk dismissal of their cases.

Pursuant to section 109(h)(3)(A), this Court can consider an individual's request to complete credit counseling after filing, only if the individual's Certificate:

1) details with specificity the exigent circumstances that prevented the individual from obtaining credit counseling before filing the petition for relief; **and**

2) includes a statement that the individual requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services during the 7-day period beginning on the date on which the individual made that request; **and**

3) Is satisfactory to the court.

The Movant stated on Exhibit D as exigent circumstances that "pending foreclosure." The reason stated above for the relief requested are insufficient to meet the statutory requirements of section 109(h)(3)(A). No proof of credit counseling has been filed to date. Unfortunately, Congress has provided no leeway for courts in applying the strict requirements of §109(h)(1). The Certificate is deficient because it does not specifically detail exigent circumstances that merit a waiver of the credit counseling requirement required by 11 U.S.C. § 109(h)(3)(A)(i).

Because the Movant's Certificate is deficient, the Court must deny the Movant's request to complete credit counseling after filing. The Movant's failure to timely complete credit counseling renders the Movant ineligible as a debtor under 11 U.S.C. § 109(h). Accordingly, this bankruptcy

case must be dismissed. The balance of any filing fees, if any, owed by the Movant must immediately be paid to the Clerk of the Bankruptcy Court pursuant to Local Rule 1017-2(E).

The dismissal of the present case does not preclude the Movant from filing a second case if the Movant meets all the filing requirements including timely completion of credit counseling. However, the Movant should be aware that the court may file an order to show cause for repeat bankruptcy filings pursuant to 11 U.S.C. § 362(d)(4)(B) to determine if there has been a pattern of bankruptcy filing as part of a scheme to delay, hinder, or defraud creditors. Furthermore, under BAPCPA when a subsequent case is filed within one year of a previously dismissed case, section 362(c)(3) terminates the automatic stay 30 days after the filing of the subsequent case unless the Court, upon a promptly filed motion, holds a hearing within 30 days of the filing of the second case and determines that the second filing was in good faith as to creditors stayed. Thus, the Movant would need to file such a motion *immediately* after filing a second/third case. The Court, having considered the Certificate, and being otherwise fully advised in the premises hereby

**Orders** that:

1. The Certificate is **DENIED.**

2. This above-referenced case is **DISMISSED WITHOUT PREJUDICE.**

3. If any filing fees are due, the Movant shall immediately pay the amount due to the Clerk of the U.S. Bankruptcy Court pursuant to Local Rule 1017-2(E).

4. All pending Motions, including [ECF 8] Ex Parte Motion to Extend Time, are **DENIED** as moot.

###

The Clerk of the Court is hereby directed to serve a copy of this Order upon all interested parties and creditors.